## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAYED ELMARAKBY,                    :
                Plaintiff    :    No. 09-1784 (RBS)

     v.                            :

WYETH PHARMACEUTICALS,              :
ROBERT RUFFOLO, JR, JOANN           :
SCATINA, THERESA HULTIN,            :
AND APPAVU CHANDRASEKARAN,          :
            Defendants    :

**FILED**

JAN 19 2010

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**FILED**

JAN 19 2010

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MOTION

The plaintiff is respectfully requesting the Honorable Court to provide a time extension of 30 days in order to comply with the order of the honorable court issued on 15 December, 2009 [1] in order to respond to the defendant's 12 (b) (6) motion to dismiss for failure to state a claim.  The time extension is needed so that the plaintiff may secure the appointment of a Counsel for legal representation and to allow for preparing an adequate response with the expert help of a Counsel to the defendant's above mentioned motion to dismiss.  While Plaintiff acknowledges and appreciates the Clerk of Court attempts to help in identifying an attorney for plaintiff [2], the plaintiff is respectfully requesting the continuation of the Honorable Court help in these attempts in addition to the plaintiff's own efforts in securing a private attorney given the legal complexity of the case for plaintiff to proceed in a pro se manner.  The plaintiff further submits that upon consideration of the Honorable Court of the extension request, plaintiff would, through Counsel or in a pro se manner, utilize the time extension to request production of documents (Fed. R. Civ. Proc. 34) to prepare for and properly comply with the court order of responding to the defendants 12 (b) (6) motion to dismiss.

**Respectfully Submitted,**
**Sayed Elmarakby, 4 Sheffield Way, Newtown, PA 18940**

**January 18, 2010**

1. Received by plaintiff on December 22, 2009.
2. As a way of background, plaintiff respectfully state the following regarding the court order to appoint a Counsel for plaintiff:
a) On August 10, 2009 plaintiff requested the Honorable Court to appoint a Counsel.
b) The Clerk of Court informed the plaintiff of the Court order that Counsel for plaintiff be appointed.  The Clerk of Court communicated identifying potential Counsels on three different occasions dated September 14, 2009; October 26, 2009 and November 23, 2009.  However, plaintiff was given the opportunity to discuss the case with only one attorney whose firm declined to pursue the case (affirming that the decision was no reflection on the strength of the case).  No opportunity was given to plaintiff for discussion of any aspect of the case with the second attorney as explained in the plaintiff's letter to the Clerk of Court dated 11/09/09 or the third attorney whose office informed plaintiff that they do not proceed with cases where a complaint was already filed with the Court.  Under the circumstances, plaintiff feels that continuation of efforts to secure an attorney is appropriate.