## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| SAYED ELMARAKBY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 09-1784 (RBS) |
| | : | |
| WYETH PHARMACEUTICALS, | : | |
| ROBERT RUFFOLO, JR., JOANN | : | |
| SCATINA, THERESA HULTIN, | : | |
| and APPAVU CHANDRASEKARAN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP

William J. Delany (Id. No. 74864)
Erica E. Flores (Id. No. 210284)
1701 Market Street
Philadelphia, PA  19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001
wdelany@morganlewis.com
eflores@morganlewis.com

*Attorneys for Defendant*

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     ARGUMENT....................................................................................................... 1

       A.      Plaintiff Cannot Rebut The Presumption That His Employment
           Was At-Will ................................................................................................ 1

           1.      Plaintiff does not allege facts sufficient to establish a binding
               implied employment contract ................................................... 2

           2.      Plaintiff does not allege "sufficient additional consideration" .................. 4

           3.      Plaintiff alleges no recognized basis for application of the public
               policy exception ....................................................................... 5

       B.      Plaintiff Fails To State A Cognizable Due Process Claim ................................... 7

       C.      Plaintiff Fails To State A Cognizable Conspiracy Claim ..................................... 8

       D.      Plaintiff Should Not Be Granted Additional Discovery ........................................ 9

III.    CONCLUSION.................................................................................................... 11

**TABLE OF AUTHORITIES**

**Page**

**CASES**

Chabal v. Reagan,
   841 F.2d 1216 (3d Cir. 1988) ................................................................................. 7

Chapman v. Adia Servs., Inc.,
   688 N.E.2d 604 (Ohio Ct. App. 1997)...................................................................... 6

Cleary v. Fed. Express Corp.,
   No. 95-3729, 1997 WL 164276 (E.D. Pa. Mar. 28, 1997) ........................................ 4

Consolmagno v. Home Depot,
   Civ. A. No. 06-1097, 2006 WL 3524455 (W.D. Pa. Dec. 6, 2006)............................ 3

Elmore v. Cleary,
   399 F.3d 279 (3d Cir. 2005) ................................................................................... 7

Fraser v. Nationwide Mut. Ins. Co.,
   352 F.3d 107 (3d Cir. 2003) ................................................................................... 5

Lord v. Erie County,
   Civ. A. No. 08-213, 2010 WL 56095 (W.D. Pa. Jan. 5, 2010)............................... 7, 8

Lukoski v. Sandia Indian Mgmt. Co.,
   748 P.2d 507 (N.M. 1988) ...................................................................................... 3

Luteran v. Loral Fairchild Corp.,
   688 A.2d 211 (Pa. Super. 1997)............................................................................... 2

Martin v. Safeguard Scientifics, Inc.,
   17 F. Supp. 2d 357 (E.D. Pa. 1998) ........................................................................ 4

Mathews v. Hermann,
   Civ. A. No. 07-01318, 2008 WL 1914781 (E.D. Pa. Apr. 30, 2008) ........................ 3

McLaughlin v. Gastrointestinal Specialists, Inc.,
   750 A.2d 283 (Pa. 2000)......................................................................................... 6

Natale v. Winthrop Res. Corp.,
   Civ. A. No. 07-4686, 2008 WL 2758238 (E.D. Pa. July 9, 2008)......................... 5, 7

Neyer, Tiseo & Hindo, Ltd. v. Russell,
   No. CIV. 92-2983, 1993 WL 53579 (E.D. Pa. Mar. 2, 1993) ................................... 8

**TABLE OF AUTHORITIES**
(continued)

Page

Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.,
   836 F.2d 173 (3d Cir. 1988) ........................................................................................ 7

Petermann v. Int'l B'hood of Teamsters, Chauffeurs,
   Warehousemen and Helpers of Am., Local 396,
   344 P.2d 25 (Cal. Dist. Ct. App. 1959)...................................................................... 6

Pryor v. Nat'l College Athletic Ass'n,
   288 F.3d 548 (3d Cir. 2002) ...................................................................................... 10

Robertson v. Fiore,
   62 F.3d 596 (3d Cir. 1995) .......................................................................................... 7

Ruzicki v. Catholic Cemeteries Ass'n,
   610 A.2d 495 (Pa. 1992)............................................................................................. 2

Small v. Juniata College,
   682 A.2d 350 (Pa. Super. 1996).................................................................................. 2

Vermillion v. AAA Pro Moving & Storage,
   704 P.2d 1360 (Ariz. Ct. App. 1985)......................................................................... 6

Wagenseller v. Scottsdale Mem. Hosp.,
   710 P.2d 1025 (Ariz. 1985) ........................................................................................ 3

Woods v. Era Med LLC,
   Civ. A. No. 2:08-cv-02495, 2010 WL 94566 (E.D. Pa. Jan. 7, 2010)........................ 4

**STATUTES**

43 Pa. Stat. § 1322 ............................................................................................................ 9

**RULES**

Fed. R. Civ. P. 26(d) ....................................................................................................... 10

## I.     <u>INTRODUCTION</u>

In response to Defendants' motion to dismiss (the "Motion"), Plaintiff largely just restates the allegations contained in the Amended Complaint, ignoring most of Defendants' legal arguments regarding the timeliness and cognizability of his claims.[1]  His defense of his breach of contract, wrongful termination and conspiracy claims, however, is somewhat different.  Seizing on legal principles set forth by Defendants, Plaintiff effectively attempts to rewrite pertinent aspects of the Amended Complaint to satisfy its legal deficiencies.  In particular, Plaintiff argues that Wyeth's disciplinary policies created an implied employment contract; that Plaintiff received "sufficient additional consideration" to rebut the at-will presumption; that he qualifies for the public policy exception because Wyeth required him to commit fraud; and that the Individual Defendants may be liable for conspiracy—the single claim made against them— because they were not acting within the scope of their authority.  Plaintiff also asserts a completely new claim—that Wyeth violated his constitutional right to procedural due process. (<u>See</u> Pl. Opp. at 4-7.)  Aware that reply briefs should only be filed when "absolutely necessary," Defendants submit this brief for the limited purpose of drawing the Court's attention to controlling authority not previously discussed by Defendants that refutes Plaintiff's new theories.

## II.     <u>ARGUMENT</u>

### A.     <u>Plaintiff Cannot Rebut The Presumption That His Employment Was At-Will</u>

In response to Defendants' motion, Plaintiff concedes that he was not party to any express employment contract.  Instead, he attempts to rebut Pennsylvania's strong presumption of at-will employment.  (<u>See</u> Pl. Opp. at 4-6.)  He argues that Wyeth's disciplinary policy created an implied employment contract, that he received "sufficient additional consideration" to rebut

---

[1]  Unless otherwise defined herein, capitalized terms shall have the meanings prescribed to them in Defendants' opening brief.

the presumption and that his termination qualifies for Pennsylvania's narrow public policy

exception.  (Id.)  These arguments fail.

### 1.    Plaintiff does not allege facts sufficient to establish a binding implied employment contract.

"The *sine qua non* of the [at-will] presumption is that except in rare instances, discharge

will not be reviewed in a judicial forum."  Luteran v. Loral Fairchild Corp., 688 A.2d 211, 214

(Pa. Super. 1997) (citing Scott v. Extracorporeal, Inc., 545 A.2d 334, 336 (Pa. Super. 1988)).  To

make out a claim for breach of an implied employment contract, therefore, a plaintiff must allege

facts that "show clearly that he and the employer intended to form a contract."  Id. (citing

DiBonaventura v. Consol. Rail Corp., 539 A.2d 865, 868 (Pa. Super. 1988)).  Employee

handbooks and the like are evidence of such an intent only "if a reasonable person in the

employee's position would interpret its provisions as evidencing the employer's intent to

supplant the at-will rule."  Small v. Juniata College, 682 A.2d 350, 353 (Pa. Super. 1996)

(quoting Ruzicki v. Catholic Cemeteries Ass'n, 610 A.2d 495, 497 (Pa. 1992)).  In particular, the

document "must contain a clear indication that the employer intended to overcome the at-will

presumption."  Id.  Furthermore, it is well-settled that an employee handbook or policy statement

has legally binding contractual significance only if it was offered as an inducement for

employment.  Luteran, 688 A.2d at 215-16.

In this case, Plaintiff alleges no facts suggestive of an intent to form an employment

contract, implied or otherwise, and does not dispute contrary evidence.  Indeed, Plaintiff does not

dispute that his employment application disclaimed such an intent, (see Defs. Br. at 7, Ex. B),

and he completely ignores dispositive language in Wyeth's disciplinary policy.  The policy is

plainly nothing more than a statement of best practices, informing Wyeth supervisory personnel

of steps they "should"—but need not necessarily—take before discharging an employee.  (See

2

Pl. Opp. at 6.)  To be sure, it expressly provides that it does *not* create a contractual relationship between Wyeth and any employee, that "nothing herein shall impair the Company's right to immediately discharge an employee" and that Wyeth may "in its discretion, skip one or more steps of progressive discipline."[2]  (Id., Ex. A at 1.)  Clearly, Wyeth did not intend the policy to create an employment contract.

Furthermore, the policy does not require Wyeth to have had "cause" for Plaintiff's termination, although it certainly did.  On the contrary, the policy reaffirms that "[*e*]*mployment with Wyeth is 'at-will' and may be terminated at any time with or without cause at the option of the employee or the Company.*"  (Defs. Br., Ex. D at 1.)  Plaintiff's willfully blind insistence that the policy nonetheless constituted a binding promise to modify Plaintiff's at-will status is insufficient to overcome its plain language.[3]  See Mathews v. Hermann, Civ. A. No. 07-01318, 2008 WL 1914781, at *18 (E.D. Pa. Apr. 30, 2008) (holding that an employee handbook did not contain the requisite "clear indication that the employer intended to overcome the at-will presumption" where it expressly stated that it did not constitute an employment contract); Consolmagno v. Home Depot, Civ. A. No. 06-1097, 2006 WL 3524455, at *4 (W.D. Pa. Dec. 6, 2006) (dismissing an employee's claim for breach of an implied employment contract where the employee failed to "allege that the employer intended its [disciplinary] policies to create a legally

---

[2]  In their opening brief, Defendants indicated that the disciplinary policy was part of Wyeth's Code of Conduct and had been acknowledged in writing by Plaintiff.  (See Defs. Br. at 7.)  It has since come to counsel's attention that the disciplinary policy is not actually part of the Code and was not made available to Plaintiff.  Instead, Plaintiff and all other non-managerial employees had access to a webpage describing Wyeth's human resources policies.  Like the policy itself, the section about Wyeth's disciplinary policy states that "nothing herein shall impair the Company's right to immediately discharge an employee" and reaffirms that "[e]mployment with the Company is 'at-will' and may be terminated at any time with or without cause at the option of the employee or the Company."  See Wyeth, Disciplinary Actions, attached hereto as Exhibit A.

[3]  The cases Plaintiff relies upon do not apply Pennsylvania law and, in any event, provide little support for his position.  See, e.g., Lukoski v. Sandia Indian Mgmt. Co., 748 P.2d 507, 509-10 (N.M. 1988) (confirming that a personnel manual does not instill a reasonable expectation of job security if it "conspicuously tells [the employer's] employees that the manual is not part of the employment contract and that their jobs are terminable at the will of the employer with or without reason") (citation omitted); Wagenseller v. Scottsdale Mem. Hosp., 710 P.2d 1025, 1038 (Ariz. 1985) (same).

binding contract"); Cleary v. Fed. Express Corp., No. 95-3729, 1997 WL 164276, at *8 (E.D. Pa. Mar. 28, 1997) ("It is insufficient to assert that a handbook expresses an employer's policies without demonstrating that such policies were intended to be offered to the employee as a binding contract.") (citing Morosetti v. La. Land and Exploration, 564 A.2d 151, 152 (Pa. 1989)).  Plaintiff's breach of contract claim must be dismissed.

### 2.   Plaintiff does not allege "sufficient additional consideration".

Plaintiff next argues that the "promises" contained in Wyeth's disciplinary policy and certain benefits Wyeth made available to him constituted "sufficient additional consideration" to rebut the presumption of at-will employment.  (See Pl. Opp. at 5-6.)  Plaintiff is mistaken.

"Additional consideration" sufficient to overcome the at-will presumption is found "when an employee affords his employer a substantial benefit other than the services which the employee is hired to perform, or when the employee undergoes a substantial hardship other than the services which he is hired to perform."  Martin v. Safeguard Scientifics, Inc., 17 F. Supp. 2d 357, 369 (E.D. Pa. 1998) (citation omitted); see also Woods v. Era Med LLC, Civ. A. No. 2:08-cv-02495, 2010 WL 94566, at *9 (E.D. Pa. Jan. 7, 2010) (citing Stumpp v. Stroudsberg Mun. Auth., 658 A.2d 333, 335 (Pa. 1995)).  Importantly, Pennsylvania courts have given this concept a narrow reading, generally requiring some "extraordinary" detriment to the employee or benefit to the employer.  Woods, 2010 WL 94566, at *9; Martin, 17 F. Supp. 2d at 369.

The Amended Complaint is completely silent on this issue.  Indeed, Plaintiff alleges only that he commenced his employment with Wyeth pursuant to an alleged employment agreement and that his employment continued until June 1, 2007, when he was discharged.  (See Am. Compl. ¶ 4.)  He alleges no facts to suggest that Plaintiff offered Wyeth anything other than the services he was hired to perform, let alone the type of "extraordinary" benefit that could constitute "sufficient additional consideration."  He likewise alleges no facts indicating that he

4

suffered any hardship other than the performance of those services, let alone an "extraordinary" detriment. Accordingly, Plaintiff has not alleged "additional consideration" sufficient to rebut the presumption of at-will employment.[4] This purported claim should be dismissed. See Natale v. Winthrop Res. Corp., Civ. A. No. 07-4686, 2008 WL 2758238, at *8 (E.D. Pa. July 9, 2008) (dismissing a claim for breach of an implied contract where "none of the underlying facts pled in the Complaint suggest that Plaintiff either furnished Defendant with 'a substantial benefit' or underwent a 'substantial hardship' other than the services which he was hired to perform").

### 3. Plaintiff alleges no recognized basis for application of the public policy exception.

Finally, Plaintiff invokes the public policy exception to the at-will employment rule, arguing that he was terminated in retaliation for his efforts to have his benefits records corrected. (Pl. Opp. at 6-7.) This claim should be dismissed.

As Defendants explained in their opening brief, there are only three recognized bases for the public policy exception—an employer cannot require an employee to commit a crime, prevent an employee from complying with a duty imposed by statute or discharge an employee in violation of a statute. Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 111 (3d Cir. 2003). Impliedly accepting Defendants' arguments with regard to the second and third bases, Plaintiff seems to rely on the first, arguing that if he "were to let stand the presence of non-existent 'disabled dependent' in his . . . records, he will be committing a fraudulent and illegal activity." (Pl. Opp. at 7.) The argument is not entirely clear but Plaintiff seems to be suggesting that Wyeth's alleged refusal to correct his records was equivalent to requiring him to commit fraud. Nothing in the Amended Complaint supports this new theory.

---

[4]   The claimed promises and benefits Plaintiff relies upon do nothing to advance his theory. They were provided by Wyeth, not Plaintiff. (See Am. Compl. ¶ 4 at 1-2; Pl. Opp. at 6.) Accordingly, they were neither beneficial to Wyeth nor detrimental to Plaintiff.

5

In support of his wrongful discharge claim, Plaintiff alleges that his termination was "in response to and in retaliation for 'refusing' to accept an identity theft incident committed against plaintiff through the human resources files." (Am. Compl. ¶ 5.) In particular, he maintains that Wyeth improperly accessed and altered his employee benefit files to add a "disabled dependent" who is not related to Plaintiff. (Id.) He describes this "incident" as "unlawful" and claims that his efforts to get to the bottom of it were ultimately used as a pretext for his discharge, which allegedly violated the "public policy of protecting employees' confidential records and preventing identity theft in the workplace." (¶¶ 5, 12.)

Apart from being inherently implausible, these allegations give no indication that Plaintiff thought Wyeth was requiring him to commit a fraud or any other crime. If anything, Plaintiff alleges that *Wyeth* committed a crime and that he was fired for complaining about it. Even if these allegations were true, Pennsylvania law does not prohibit termination of an at-will employee under such circumstances.[5] (See Defs. Br. at 9.) Furthermore, nothing in the Amended Complaint suggests that Wyeth *required* Plaintiff to do anything, let alone commit a crime, as it must in order to state a claim under the public policy exception. In short, Plaintiff's post hoc attempt to restate his allegations in response to the Motion cannot save his claim. The Amended Complaint wholly fails to implicate a "clear mandate of public policy in this Commonwealth" so as to justify a departure from the at-will presumption. See McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 313 (Pa. 2000). Plaintiff's wrongful discharge claim must therefore be dismissed.

---

[5] Again, the cases cited by Plaintiff in support of his theory are inapposite. Each was decided under the law of a different state and none holds that an employer's failure to correct an employee's insurance record justifies a departure from the at-will presumption. See Chapman v. Adia Servs., Inc., 688 N.E.2d 604, 610 (Ohio Ct. App. 1997) (holding that an employer may not terminate an employee for consulting a lawyer); Vermillion v. AAA Pro Moving & Storage, 704 P.2d 1360, 1361 (Ariz. Ct. App. 1985) (holding that an employee may not discharge an employee for refusing to commit a theft); Petermann v. Int'l B'hood of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., Local 396, 344 P.2d 25, 27 (Cal. Dist. Ct. App. 1959) (holding that an employer may not fire an employee for refusing to commit perjury).

6

### B.      Plaintiff Fails To State A Cognizable Due Process Claim

Plaintiff also argues that Wyeth's alleged failure to follow its disciplinary policy violated his right to procedural due process.[6] (Pl. Opp. at 7.)  This claim likewise must be dismissed.  For one thing, it was not pleaded in the Amended Complaint.  Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted).  More importantly, it has no legal merit.

"To establish a procedural due process violation, a person must demonstrate that he has been deprived of a constitutionally-protected property interest."  Lord v. Erie County, Civ. A. No. 08-213, 2010 WL 56095, at * 6 (W.D. Pa. Jan. 5, 2010) (citing Daniels v. Williams, 474 U.S. 327, 339 (1986)).  In the employment context, a plaintiff must show that he has a "legitimate entitlement to continued employment."  Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005).  Under Pennsylvania law, however, "an at-will employee does not have a legitimate entitlement to continued employment because he serves solely at the pleasure of his employer."  Chabal v. Reagan, 841 F.2d 1216, 1223 (3d Cir. 1988); see also Robertson v. Fiore, 62 F.3d 596, 601 (3d Cir. 1995) (holding that an at-will employee "lacks a protected property interest in his position within the meaning of the Fourteenth Amendment").  As an at-will employee, Plaintiff had no legitimate expectation of continued employment and, therefore, cannot show that he was deprived of any constitutionally-protected interest.[7]  His due process claim must be dismissed.

---

[6]     Plaintiff also continues to argue that he was "entitled to notice and procedural safeguards before termination under the covenant of good faith and fair dealing." (Pl. Opp. at 7.)  As Defendants noted in their opening brief, there is no legally cognizable basis for such a claim.  See Natale, 2008 WL 2758238, at *10 ("There is no claim under Pennsylvania law . . . for breach of duty of good faith and fair dealing where the claimed breach concerns an employee's termination and the employment relationship is at-will.") (citing Brachvogel v. Beverly Enters., Inc., 173 F. Supp. 2d 329, 333 (E.D. Pa. 2001)).

[7]     Importantly, this is so even if Wyeth's disciplinary policies did create an implied employment contract with Plaintiff.  Indeed, under Pennsylvania law, "an implied employment contract is not enough to give rise to a

7

**C.      Plaintiff Fails To State A Cognizable Conspiracy Claim**

Defendants have nothing to add to their arguments seeking dismissal of Plaintiffs' Title VII and emotional distress claims.  Plaintiffs arguments with respect to those claims merely restate the allegations of the Amended Complaint and provide no compelling response to the myriad legal bases for dismissal that have been presented by Defendants.  Defendants do, however, wish to briefly address Plaintiff's conspiracy claim, the only claim that is asserted against the Individual Defendants.

In their opening brief, Defendants challenged Plaintiff's conspiracy claim on the grounds that, among other things, a corporation like Wyeth cannot conspire with its own employees as a matter of law.  (See Defs. Br. at 22-24.)  In response, Plaintiff points to his allegation that the Individual Defendants acted within the scope of their authority "except as otherwise alleged herein," suggesting that the qualification saves his claim because the Individual Defendants were not acting "within their capacity" as Wyeth employees when they committed the allegedly wrongful acts.  (Pl. Opp. at 11-12.)  This argument is belied by the Amended Complaint.

Plaintiff alleges that the Individual Defendants conspired with Wyeth to breach his employment contract, wrongfully terminate his employment, discriminate against and harass him at work, and inflict emotional distress upon him with regard to his benefit records.  Each and every one of these claims plainly arises out of the employment relationship and the Individual Defendants were clearly acting for the corporation rather than on their own behalf for their own benefit.  See Neyer, Tiseo & Hindo, Ltd. v. Russell, No. CIV. 92-2983, 1993 WL 53579, at *5 (E.D. Pa. Mar. 2, 1993).  The conspiracy claim and the Individual Defendants should be dismissed from the case.

---

property interest in continued employment."  Lord, 2010 WL 56095, at *7 (citing Hess v. County of Lehigh, Civ. A. No. 07-5087, 2009 WL 2461734, at *1 (E.D. Pa. Aug. 10, 2009)).

**D.      Plaintiff Should Not Be Granted Additional Discovery**

Plaintiff has also asked the Court for additional discovery in advance of the Court's ruling on this Motion.  This request should be denied.

On February 5, 2010, Plaintiff mailed a letter to the undersigned seeking the production of various documents pursuant to the Pennsylvania Inspection of Employment Records Law, 43 Pa. Stat. § 1322.  See Letter from S. Elmarkaby to E. Flores & W. Delany, dated Feb. 4, 2010, attached hereto as Exhibit B.  The letter sought production of Plaintiff's personnel file, all documents and communications regarding Plaintiff's discharge, and all current and former Wyeth policies regarding employee disciplinary actions and termination.  Id.

Although the letter was sent by certified mail, it was not received by the undersigned until February 16, 2010, probably due to the two major snowstorms that hit the Philadelphia area on February 5 and February 10.  The undersigned responded the very next day.  See Letter from E. Flores to S. Elmarakby, dated Feb. 17, 2010, attached hereto as Exhibit C.  Counsel explained that, although Section 1322 applies only to current employees and formal discovery is premature, Defendants were voluntarily providing Plaintiff with copies of his personnel file, the current and prior versions of Wyeth's Code of Conduct and the webpage discussing Wyeth's workplace policies, including the section attached at Exhibit A.  Id.  These documents were delivered to Plaintiff via e-mail and by overnight delivery.

Defendants' rationale for providing these materials was as follows.  Defendants seek dismissal of the Amended Complaint on the grounds that Plaintiff failed to state a claim upon which relief may be granted as a matter of law.  With the exception of Plaintiff's breach of contract claim, the success or failure of this Motion thus depends entirely on the application of federal and state law to the facts as they have been alleged by Plaintiff.  The breach of contract claim is slightly different.  Because it is based upon an alleged contract between Plaintiff and

Wyeth, Defendants' motion as to that claim properly relies upon the documents that created and defined the parties' relationship, including some of the documents in Plaintiff's personnel file and Wyeth's workplace policies. None of Plaintiff's claims depend, however, on any other actual evidence, including the other documents and communications requested by Plaintiff.

For these reasons, Defendants elected not to produce these additional documents to Plaintiff and now respectfully ask the Court to decline Plaintiff's request to conduct further discovery in advance of the Court's ruling on this Motion. Plaintiff received and made use of all documents that may properly be considered by this Court without converting the Motion into a motion for summary judgment.[8] Indeed, the "further evidence/facts" Plaintiff seeks to establish are necessarily irrelevant to the outcome of the Motion as it has been presented to the Court. Additionally, further discovery would be premature under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(d).

---

[8]   Although Defendants do not believe they provide any support for Plaintiff's arguments, Exhibits B through E to Plaintiff's opposition brief should not be considered by the Court. They were not attached to or incorporated by reference in the Amended Complaint and are not integral to Plaintiff's claims. Accordingly, they may not properly be considered on a motion to dismiss. Pryor v. Nat'l College Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

## III.  CONCLUSION

For all the foregoing reasons, and those stated in Defendants' opening brief, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and grant such other and further relief as the Court deems just and proper.

Dated:  March 2, 2010

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: _____
       Erica E. Flores

William J. Delany (Id. No. 74864)
Erica E. Flores (Id. No. 210284)
1701 Market Street
Philadelphia, PA  19103
Tel:  (215) 963-5000
Fax:  (215) 963-5001
wdelany@morganlewis.com
eflores@morganlewis.com

*Attorneys for Defendants*

11